274 So.2d 840 (1973)
Dimple Hardee WALKER, Individually and as Natural Tutrix of the minor, Terry Wayne Davis, Plaintiff-Appellee,
v.
Von Elton CHAMPION et al., Defendants-Appellants.
No. 4127.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1973.
Rehearing Denied April 2, 1973.
*841 Brittain, Carver & Williams by Jack O. Brittain, Gahagan & Kelly by Donald G. Kelly, Natchitoches, for defendants-appellants.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Watson, Murchison, Crews & Arthur by Williams Crews, Jr., Natchitoches, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
This is an action in tort filed originally by plaintiff individually as mother and as natural tutrix of Terry Wayne Davis, a minor at the time the suit was filed but a major when the case was tried against Von Elton Champion and his liability insurer, Southern Farm Bureau Casualty Insurance Company, and Barry DeBlieux, as the result of the loss of an eye occasioned by Davis' being struck by a bottle thrown by defendant Champion.
In her petition, plaintiff alleged that DeBlieux and Champion jointly and acting in concert participated in throwing beer bottles and other missiles toward Davis; that a quart beer bottle thrown by Champion struck Davis causing him to lose his eye and causing facial injuries. Plaintiff prayed for judgment against all the above named defendants.
Defendant, Southern Farm Bureau Casualty Insurance Company, filed an exception of no cause and no right of action stating that it had no coverage on Champion. Plaintiff amended her petition and made Louisiana Farm Bureau Mutual Insurance Company a party defendant.
Louisiana Farm Bureau denied the allegations contained in plaintiff's petition, and answering further, alleged plaintiff was contributorily negligent, or alternatively, that he assumed the risk. Also, Louisiana Farm alleged that Champion expected or intended to do bodily harm; therefore, the policy provisions exclude coverage to plaintiff.
DeBlieux filed an answer similar in nature to that of defendant insurance company except for the defense of coverage, and also stating that the parties were engaged in horseplay, and that he never struck Davis with any object.
Defendant, Louisiana Farm, filed a third party demand against Charles L. Aldridge, alleging that the minor son of Charles L. Aldridge, Harold Edward Aldridge, had furnished bottles to DeBlieux and Champion and assisted or encouraged them to throw bottles at or near Davis. Aldridge answered alleging his proper name was Alldredge and denying the allegations contained in the third party petition. Further answering, third party defendant denied any act or omission contributing to the cause of events made the basis of this suit. He further alleged that Davis was contributorily negligent in leaving a place of safety and placing himself in a position of danger, and that he assumed the risk.
After a trial on the merits, there was judgment in favor of plaintiff, Davis, and against DeBlieux, Champion, and Louisiana Farm Bureau Mutual Insurance Company in solido, in the sum of $100,000.00 with the liability of the insurance company limited to the sum of $50,500.00, or the policy limits. The third party petition was dismissed. Plaintiff, Mrs. Walker, received an award of $1,581.81 as special damages. Defendants, DeBlieux, Champion, and his insurer appealed. Plaintiff did not answer the appeal so the judgment is final as to Alldredge.
After reviewing the evidence in this case, we conclude that the youths were engaged in horseplay; that DeBlieux and Champion were not acting jointly and in concert. We also find that the action of *842 Champion was neither expected nor intended, and there is coverage under the policy. We are also of the opinion that Davis was not contributorily negligent. The evidence also reveals that the bottle which struck Davis causing the injuries complained of was thrown by Champion. The district judge was in error in finding DeBlieux guilty of negligence. We reverse this portion of the judgment in this case.
The final issue is that of quantum.
Shortly after the accident, Davis was seen by Dr. Charles E. Cook, general practitioner, in the emergency room at the Natchitoches Parish Hospital. He cleaned Davis' eye and made some basic closures to control the bleeding.
Davis was then referred to Dr. James V. Ward, a specialist in Ophthalmology having to do with diseases and injuries of the eye. Dr. Ward saw Davis on the night of March 2, 1972, at Schumpert Hospital emergency room in Shreveport, Louisiana, where Dr. Ward performed surgery requiring the removal of the left eye. Davis was discharged on March 9, 1972. Dr. Ward sent Davis to Houston, Texas, to see Mr. Paul Hughes who specializes in making plastic eyes. Dr. Ward saw Davis several times after the eye was fitted on him by Hughes.
Dr. Ward testified that Davis has a somewhat flattened-like appearance of the left eye. Where the lacerations were repaired is visible. The doctor was of the opinion that the patient had achieved a fairly good cosmetic result, and this should continue with the passage of time.
The record reveals that Davis has a limited educational background and was not employed at the time of the accident.
Dr. Ward stated that Davis should be able to function well as a construction worker and in doing unskilled type of labor; that he could function well in the field of cattle operations if he were involved in manual labor around cattle and other types of livestock. Dr. Ward also said Davis had an uneventful recovery.
Counsel for all parties cited many cases in connection with awards for eye injuries.
After an examination of cases cited, we are of the opinion that the district judge abused the discretion vested in him in making an award of $100,000.00, and that the award should be reduced to the sum of $35,000.00.
For the reasons assigned, the judgment of the district court is reversed insofar as it determined Barry DeBlieux was jointly negligent with Von Elton Champion, and judgment is hereby rendered in favor of Barry DeBlieux and against plaintiffs, Dimple Hardee Walker and Terry Wayne Davis, rejecting their demands as to him.
The judgment of the district court is amended by reducing the judgment against defendants, Von Elton Champion and Louisiana Farm Bureau Mutual Insurance Company, from the sum of $100,000.00 to the sum of $35,000.00, and as amended is affirmed at defendants' costs.
Reversed in part, amended in part and affirmed.