352 So.2d 737 (1977)
Von Elton CHAMPION, Plaintiff-Appellant,
v.
FARM BUREAU INSURANCE COMPANY, Defendant-Appellee.
No. 6143.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
Rehearing Denied December 14, 1977.
Writ Refused February 10, 1978.
*738 Kelly & Ware by Donald G. Kelly, Natchitoches, for plaintiff-appellant.
Plauche, Smith, Hebert & Nieset by A. Lane Plauche, Lake Charles, for defendantappellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
HOOD, Judge.
Von Elton Champion seeks to recover from Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau) that part of a money judgment rendered against him which is in excess of the limits provided in a liability policy issued by defendant, plus damages and attorney's fees. Judgment was rendered by the trial court in favor of defendant. Plaintiff appealed. We affirm.
The issues presented are: (1) Did defendant breach its duty or contractual obligation to plaintiff by failing to settle a tort action then pending against Champion by paying to the claimant the maximum limits provided in the liability policy which defendant had issued to plaintiff? (2) Did defendant breach its contractual obligation to Champion by failing to defend him in the above tort action?
This suit is a sequel to the case of Walker v. Champion, 274 So.2d 840 (La.App. 3 Cir. 1973), which was later reversed by the Supreme Court. See Walker v. Champion, 288 So.2d 44 (La.1974).
In 1972, Terry Wayne Davis sustained injuries which resulted in the loss of an eye. A suit for damages was instituted in Davis' behalf by his natural tutrix, Mrs. Dimple Hardee Walker, against Barry DeBlieux, Champion and the latter's insurer, Farm Bureau. Davis was emancipated by marriage while the suit was pending. On September 15, 1972, the trial court rendered judgment in favor of Davis and against all defendants, in solido, for the sum of $100,000.00, but limiting the liability of Farm *739 Bureau to the policy limits of $50,000.00, plus $500.00 in medical expenses, or a total of $50,500.00. The defendants appealed.
The appeal was argued before this court on January 29, 1973. We rendered judgment on March 12, 1973, amending the trial court judgment by reducing the award from $100,000.00 to the sum of $35,000.00. Davis applied for a rehearing which we denied on April 1, 1973. (See 274 So.2d 840).
On April 6, 1973, Davis gave Notice of Intention to apply to the Supreme Court for Writs, and he in fact filed his application for a Writ of Review on April 25, 1973. The writ was granted on May 29, and the case was argued before the Supreme Court on November 1, 1973. The Supreme Court, by judgment rendered on December 3, 1973, reversed the judgment of the Third Circuit Court of Appeal and reinstated the judgment of the district court. Defendants' application for a rehearing was denied a few weeks later.
Shortly after the Supreme Court judgment became final, defendant Farm Bureau paid the sum of $59,443.33 to Davis, as the full amount owed by Farm Bureau under its policy and under the judgment rendered against it, with interest and costs. Davis thereupon executed a receipt and release, relieving Farm Bureau from any further obligation under the judgment, but reserving his rights against the other defendants, DeBlieux and Champion.
Champion then made demand on Farm Bureau for the amount of the excess judgment which was rendered against him, and for attorney's fees and damages. Defendant rejected that demand, and the instant suit was filed by Champion on May 22, 1974. In the instant suit judgment was rendered by the trial court in favor of defendant, and Champion appealed. It is that appeal which is before us now.
Plaintiff alleges, as the basis for its principal demand, that on April 13, 1973, Davis offered to settle his entire claim against Champion and Farm Bureau for the policy limits, plus interest and costs, but that the offer was refused by Farm Bureau, the latter offering to pay no more than the amount of the Court of Appeal judgment. Champion contends that Farm Bureau breached its obligation under the policy, and that it was negligent, arbitrary and capricious in its failure and refusal to settle the claim within the policy limits. He claims that as a result of the insurer's negligence, plaintiff has suffered substantial damages. He prays for judgment against Farm Bureau for the aggregate sum of $211,081.81.
The evidence shows that the only opportunity which Farm Bureau had to settle Davis' claim for the policy limits of $50,500.00, was in response to an offer made by or in behalf of Davis on April 13, 1973. On that date, counsel for Davis wrote to Champion's attorney, as follows:
"My clients will, at this time, accept the policy limits of the insurer of Mr. Champion, Louisiana Farm Bureau Mutual Insurance Company, with interest on sums payable under the policy, and for payment of cost."
The above offer was made after the Third Circuit Court of Appeal had reduced the award of damages to $35,000.00, and before the Supreme Court reinstated the trial court award of $100,000.00. The offer was communicated to defendant's attorney, but Farm Bureau refused to pay more than the amount awarded by the Court of Appeal. Davis' offer to settle for policy limits thus was rejected.
Two offers to settle were made by Davis prior to the time the case was tried in the district court, but both of those offers were for more than the policy limits. One such offer was made on July 18, 1972, when Davis indicated that he would accept $75,000.00 as a compromise settlement. The other was made on August 25, 1972, when he offered to accept $85,000.00 in settlement of his claim. Champion testified, however, that in both instances he was unable or unwilling to pay the excess over the policy limits. The case thus could not have been settled even if Farm Bureau had been willing to pay its policy limits.
*740 The record contains some letters from counsel for Farm Bureau to counsel for Champion, in which the former expressed the view several times before the case was eventually concluded that Davis' claim had a judgment value of about $15,000.00 to $20,000.00, and that a fair settlement figure of the claim would not exceed $20,000.00. As far as we have been able to determine, Champion did not disagree with that view at any time before judgment was rendered by the court of appeal.
Champion contends here that on or shortly after April 13, 1973, Farm Bureau breached its duty to him, and was negligent, arbitrary and capricious, in refusing to pay its policy limits of $50,500.00 to settle Davis' claim, even though there was outstanding at that time a final judgment of the Court of Appeal decreeing that Farm Bureau was liable only for $35,000.00.
A liability insurer is not required to settle a claim against its insured within the policy limits, under penalty of absolute liability for any excess judgment which may be rendered against the insured. The insurer, however, may be liable to its insured for the excess of the policy limits for which the insured is cast, where the insurer's failure to accept an offer of compromise within policy limits is not in good faith, or is arbitrary or capricious under the circumstances. Younger v. Lumbermens Mutual Casualty Company, 174 So.2d 672 (La.App. 3 Cir. 1965); Cousins v. State Farm Mutual Automobile Insurance Co., 294 So.2d 272 (La.App. 1 Cir. 1974).
A determination as to what constitutes a breach of contract, negligence or bad faith, depends on the facts and circumstances of each case, and a number of factors may be considered by the court in making that determination. Roberie v. Southern Farm Bureau Casualty Insurance Company, 250 La. 105, 194 So.2d 713 (1967).
In the instant suit, the trial judge found that Farm Bureau was not arbitrary, capricious or in bad faith in failing to settle Davis' claim under the April 13, 1973, offer, and that that insurer thus is not liable to Champion for the amount of the excess judgment. The judge said:
"This Court has studied the jurisprudence concerning quantum of eye injury cases prior to the Terry Wayne Davis case and finds that Farm Bureau was not arbitrary, capricious nor in bad faith in failing to settle Von Elton Champion's (Davis') claim for the policy limits."
We agree with the conclusions which were reached by the trial court.
When the judgment rendered in the Davis case was before us for review, we concluded that the award made by the trial judge was excessive and that the judge had abused his discretion in making that award. Numerous cases were cited by plaintiff and defendant to support their arguments as to quantum, but we found no jurisprudence which we felt could support such an award at that time. We thus reduced the award to a sum which we thought was more nearly in line with awards made in other cases for similar injuries. The Supreme Court found that we erred in reducing the award.
The issue presented in the instant suit, however, is not whether we erred in reducing the award of the trial court, but whether Farm Bureau was in bad faith, or was arbitrary or capricious, in relying on the judgment which we rendered, and thus in refusing to pay more than the full amount of that judgment in settlement of Davis' claim.
We pointed out in Younger v. Lumbermens Mutual Casualty Company, supra, that the liability of an insurer for refusing to accept an offer of settlement is not predicated upon its failure to predict the correct outcome of the action it is defending, but rather whether it unreasonably exposes its insured to a judgment in excess of the policy limits, and whether the proposed settlements are rejected conscientiously in terms of deliberate judgment evaluation rather than for inadequate or no reason. (174 So.2d 672, 677).
We concede that in the earlier suit filed in behalf of Davis, Walker v. Champion, supra, the defendant insurer exposed Champion to an excess judgment when it refused *741 to settle the case by paying Davis $15,500.00 more than we had formally decreed that it owed. We find, however, that under the circumstances existing then Farm Bureau was reasonable and was justified in refusing to accept the offer made by Davis, and in exposing its insured to that liability. The settlement offer thus was rejected conscientiously, in terms of a deliberate judgment evaluation, and for good reason.
Our conclusion is that Farm Bureau was not in bad faith, and that it was not arbitrary or capricious, in refusing to accept the offer of settlement made by or in behalf of Davis on April 13, 1973. We believe that defendant had the right to rely on the Court of Appeal judgment which at least purported to fix the extent of the liability of Farm Bureau, and thus to reject the settlement offer without incurring liability, even though that judgment later was held to be erroneous by the Supreme Court.
We find no error in the judgment of the district court which rejects plaintiff's demands for the amount by which the trial court judgment exceeds the policy limits, as well as his demands for damages.
Plaintiff contends also that Farm Bureau breached its duty and its contractual obligation to defend its insured, Champion, in this case. He seeks to recover the sum of $3,750.00, representing the cost which he incurred in retaining counsel to defend him in this case.
Generally, the liability insurer's duty to defend a suit brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy, and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. The allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Benoit v. Fuselier, 195 So.2d 679 (La.App. 3 Cir. 1967); American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969).
If the allegations of the petition are sufficient to impose a duty upon the insurer to defend the insured, and the insurer fails or refuses to do so, then its refusal to provide that defense renders it liable for the expenses which the insured is compelled to incur in defending the action, including reasonable attorney's fees. Clemmons v. Zurich General Accident and Liability Insurance Company, 230 So.2d 887 (La.App. 1 Cir. 1969).
In the original suit, Walker v. Champion, supra, we think the allegations in the plaintiff's petition were sufficient to require Farm Bureau to defend its insured, Champion. The issue presented here is whether the insurer provided an adequate defense for Champion in that suit.
On May 26, 1972, shortly after that suit was filed, the State Claims Manager of Farm Bureau wrote to Champion advising that the company had retained an attorney in Natchitoches to represent it, and that that attorney would also represent Champion in defending the suit, but that Champion had the right to retain an attorney of his own choice to represent him personally, if he saw fit to do so.
Prior to the filing of the earlier suit in behalf of Davis, Champion had engaged another attorney, also of Natchitoches, to represent him in connection with another related matter. Immediately after the Davis suit was filed, counsel for Farm Bureau informed the attorney who previously had been retained by Champion that he would defend Champion in the Davis suit. Farm Bureau's attorney, in fact, prepared a joint answer to be filed by that insurer and Champion, and he submitted that answer to the attorney who had been retained by Champion. Counsel for Champion refused to join in that answer, however, and instead he filed a separate answer in behalf of Champion. The same attorney also filed an answer in behalf of DeBlieux, another defendant. *742 Throughout the litigation, Champion and DeBlieux were represented by that attorney.
The policy which Farm Bureau issued to Champion provides that coverage is excluded for bodily injury "which is either expected or intended from the standpoint of the insured." In the joint answer prepared by counsel for Farm Bureau, there was pleaded an alternative defense of lack of coverage, the defendants alleging that there would be no coverage if it should be determined that Champion either expected or intended bodily harm to Davis as a result of his acts. It was because of that alternative defense relating to coverage that Champion refused to join in the answer, and chose instead to be represented by his personal attorney.
The record of the earlier suit instituted in behalf of Davis, and the testimony and many documents presented in the instant suit, show that despite the fact that Champion retained separate counsel in the first suit, the attorney for Farm Bureau nevertheless joined and worked with the insured's personal attorney in actively defending Champion, both as to liability and as to quantum, throughout the course of the litigation. The record contains a mass of correspondence between the attorneys for Farm Bureau and Champion showing that they conferred frequently about the case. They sometimes jointly planned the manner in which the defense was to be presented and they cooperated with each other in defending Champion in every step of the case. The evidence indicates that counsel for Farm Bureau kept Champion's personal attorney informed of all communication between the former and all other parties in the suit, and that they particularly discussed with each other all offers of settlement. The record convinces us that Farm Bureau's attorney was ready and willing at all times to provide the entire defense for Champion, if the latter had consented for him to do so.
It is true, as argued by plaintiff, that Farm Bureau pleaded an alternate defense of no coverage in its answer, and that it asserted that alternate defense in the first suit. We know of nothing done by the insurer, however, which in any way prejudiced Champion's defense on the merits, or prevented Farm Bureau or the attorney provided by it from providing Champion with an adequate defense.
We conclude that Farm Bureau provided its insured, Champion, with a full and adequate defense in the suit which was instituted by or in behalf of Davis.
It was not inconsistent when the earlier suit was filed and tried for an insurer to assert in a suit both the defense of non-coverage and the defense of non-liability of the insured. Fontenot v. State Farm Mutual Insurance Company, 119 So.2d 588 (La.App. 1 Cir. 1960); Breitenbach v. Green, 186 So.2d 712 (La.App. 4 Cir. 1966).
All that is required of the insurer to satisfy its obligation to defend is to provide the insured with an adequate defense on the merits. The insured may retain his own counsel if he so chooses. The mere fact that he engages separate counsel to represent him, however, does not of itself prove that the insurer failed to fulfill its contractual duty. If the insurer provides the insured with an adequate defense, then the latter is not entitled to recover the costs which he may incur by engaging separate counsel.
Since Farm Bureau provided its insured with an adequate defense on the merits, Champion is not entitled to recover the costs incurred by him in engaging separate counsel. There is no error in that part of the judgment of the trial court, therefore, which rejects plaintiff's demands for attorney's fees.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.