OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, for the reasons stated in its memorandum decision.
We agree that the insurer breached its contractual duty to defend and indemnify the insured and thus may be held liable for the expenses the insured incurred in providing for his own defense (International Paper Co. v Continental Cas. Co., 35 NY2d 322). Additionally, the insurer may be required to reimburse the insured, up to the coverage limits in the insurance policy, for any judgment the insured is in turn required to pay as a result of the negligence action against him. The insured’s claim for additional damages resulting from the insurer’s alleged "bad faith” must be rejected, however, since there was no showing whatsoever that the insured lost an actual opportunity to settle the negligence claim against him within the coverage limits of his policy by reason of the insurer’s purported "bad faith” (see St. Paul Fire & Mar. Ins. Co. v United States Fid. & Guar. Co., 43 NY2d 977; Kulak v Nationwide Mut. Ins. Co., 40 NY2d 140; cf. Decker v Amalgamated Mut. Cas. Ins. Co., 35 NY2d 950). The insured’s speculations that a satisfactory settlement might have ensued had the insurer sought out the injured party and attempted to negotiate on behalf of its insured are simply not sufficient to support a claim against the insurer for what are essentially excess liability damages (see Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427). Accordingly, we hold that the Appellate Division acted properly in granting summary judgment to the insurer on this claim. v