■ Lois M. Brennan et al., Respondents, v Donald A. Mead et al., Appellants. — In an action to recover "excess liability" for the bad faith breach of an insurance contract, the appeals, as limited by the defendants' briefs, are from so much of an order of the Supreme Court, Orange County, dated August 7, 1980, as denied defendants' cross motion for summary judgment dismissing the complaint and the defendant insurer's cross complaint. Order reversed insofar as appealed from, on the law, without costs or disbursements, and cross motion granted. Plaintiffs were injured in a June, 1970 automobile accident and brought suit against one Clarence Welch. They sought to hold Welch's employer, the County of Orange, vicariously liable on the ground Welch caused the accident while in the course of his employment. During an April, 1971 examination before trial Welch had testified to that effect, but during the trial in 1974, after initially stating that he no longer remembered, he changed his testimony to admit that he had not been engaged in employment at the time of the accident. The jury returned a verdict against him well in excess of his policy limit, and found no liability on the county's part. On retrial of the action pursuant to this court's remittitur (Brennan v Felter, 48 AD2d 846), the same result obtained. Welch thereafter pleaded guilty to a criminal charge of perjury. Welch assigned any claims he had against his insurance company and its counsel to plaintiffs, who brought the instant action to recover the excess of the jury award over the policy limit. The complaint essentially asserted a failure by defendants to offer a settlement to the plaintiffs for the full amount of the policy prior to trial of the personal injury action, and negligent conduct of that trial by the insurer's attorneys on behalf of the insured. Mere negligence does not support an excess liability action (Best Bldg. Co. v Employers' Liability Assur. Corp., 247 NY 451, 454-456). Plaintiffs' claim for damages resulting from the insurer's "bad faith" must be rejected, in the words of the Court of Appeals, "since there was no showing whatsoever that the insured lost an actual opportunity to settle the negligence claim against him within the coverage limits of his policy by reason of the insurer's purported 'bad faith'" (United States Fid. & Guar. Co. v Copfer, 48 NY2d 871, 873). It was plaintiffs' assignor, Welch, who effectively eliminated any reasonable prospect of settlement in this case in which his liability and the seriousness of the injuries were fairly certain, since it was he who prompted plaintiffs to bring into the case the sole "deep pocket" defendant — the county — on the ground that it was vicariously liable for its employee. It was also Welch's perjurious initial story that the accident took place while he was in the course of his employment that accounted for the complained of conduct of the defendants' attorneys during trial of the case. Plaintiffs' current position that Welch was pressured into denying the initial story cannot be entertained; as Welch's assignees, they are collaterally estopped from denying the version of the facts established by his perjury conviction, which rejected that initial story (see S. T. Grand, Inc. v City of New York, 32 NY2d 300; Vavolizza v Krieger, 33 NY2d 351). Mollen, P.J., Margett, O'Connor and Weinstein, JJ., concur.