**COMMERCIAL UNION INSURANCE COMPANY, Plaintiff–Appellee Cross Appellant,**

v.

**MISSION INSURANCE COMPANY, et al., Defendants–Counter Claimants–Appellants–Cross Appellees.**

No. 86–3921.

United States Court of Appeals, Fifth Circuit.

Jan. 13, 1988.

Wood Brown, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for defendants-counter claimants-appellants-cross-appellees.

Daniel J. Caruso, Susan B. Kohn, Simon, Peragine, Smith & Redfearn, New Orleans, La., for plaintiff-appellee cross-appellant.

Before WISDOM, GARWOOD, and JONES, Circuit Judges:

PER CURIAM:

Appellant, Mission Insurance Company, seeks damages from Appellee, Commercial Union Insurance Company, for Appellee's alleged bad faith failure to settle a claim within its primary policy limits. We affirm the judgment rendered by a thorough and conscientious district court.

Mission was the excess insurer on the claim and was forced to pay on its policy after a Louisiana State court jury awarded the injured party an amount significantly exceeding the insured's primary coverage. The federal district court granted Commer-

cial Union a directed verdict after trial on the issue of bad faith failure to settle, holding that Mission never proved the existence of an opportunity for Commercial Union to settle within the primary policy limit.[1]

Mission's action fails, because as the district court found, Commercial Union was never offered a settlement to refuse. As interpreted by this court, Louisiana law only imposes liability for an excess judgment against a primary insurer if that insurer failed to accept an actual offer to settle within its policy limits and such failure was negligent, arbitrary and/or in bad faith. *Bailey v. Hardware Mut. Casualty Co.*, 322 F.Supp. 387, 393 (W.D.La.1969); *affirmed* 439 F.2d 763 (5th Cir.1971).[2]

The injured party in this case named two defendants, Bohn Ford (Bohn), insured by Commercial Union and Mission, and Ford Motor Company (Ford). A jury returned a verdict against Bohn and Ford in solido for an amount in excess of $1.7 million. Bohn had only $500,000 in primary coverage with Commercial Union. Ford took a suspensive appeal. Bohn's insurers were unable to cooperate sufficiently to post a suspensive appeal bond. Just before the judgment became executory, when the total of verdict and interest exceeded $2,600,000, Bohn's insurers settled the claim with the injured party for approximately $2,000,000.

Before the verdict, Commercial Union offered the injured party as much as $110,-000 to settle the claim, and Ford offered as much as $350,000. The defendants' offers were rejected by the injured party's counsel, Lawrence Wiedemann. Wiedemann never presented a firm offer to settle. Rather, he named figures of $600,000 and $700,000 as amounts at which he "thought" the case might be settled. Commercial Union should not be held liable for judgment exceeding its policy limits for not responding to such a tactic with a preemptive offer of its policy limit. There is simply no evidence that even an offer of the policy limits would have settled the case.

The district court directed a verdict before Ford's appeal concluded, but we can take judicial notice of that appeal as further confirmation of the court's conclusion that Commercial Union could not have acted arbitrarily or unreasonably by not settling within its policy limits. In response to the appeal by Ford, the Supreme Court of Louisiana affirmed a Louisiana Court of Appeal ruling that the highest reasonable amount within the jury's discretion to award in this case was only $535,000. *Joseph v. Ford Motor Co.*, 509 So.2d 1 (La.1987).

The judgment of the district court granting a directed verdict in favor of Commercial Union is AFFIRMED.

---

**1.** The district court previously denied Commercial Union's motion for summary judgment against Mission on the ground that Appellant lacked a cause of action to sustain this suit. The district court held that a Louisiana court would permit an excess insurer to maintain an action against the primary insurer through either equitable subrogation or a right of action in tort. Louisiana jurisprudence is not clear on the precise dimensions of such an action. We may assume, without deciding, that such a cause of action exists in order to speed this case to its conclusion.

**2.** We are aware that the Louisiana courts have not explicitly articulated the requirement, stated in *Bailey,* that a firm settlement offer be on the table before an insurer can be held liable for its arbitrary refusal to settle. *See e.g. Cousins v. State Farm Mutual Automobile Ins. Co.,* 294 So.2d 272 (La.App.1974), *Champion v. Farm Bureau Ins. Co.,* 352 So.2d 737 (La.App.1977). We are, however, bound by *Bailey.* In any event, we see no inconsistency between its holding and Louisiana law, because the other Louisiana cases considering this cause of action all involved the rejection of firm offers.