■ STV GROUP, INC., et al., Respondents, v AMERICAN CONTINENTAL PROPERTIES, INC., et al., Appellants, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Respondents. [650 NYS2d 204] —Order, Supreme Court,

New York County (Carol Arber, J.), entered on or about February 1, 1996, which, upon the parties' respective motions for summary judgment, *inter alia*, declared that any claim by defendant American Continental Properties (ACP) to the proceeds of the professional liability insurance policy issued by defendant National Union is subordinate to the claim of defendant Reliance Insurance Company, and permanently restrained ACP from interfering with the proceeds of such policy until such time as it is finally determined in a pending declaratory judgment action between Reliance and National Union, or otherwise, what amount, if any, remains under the policy to pay ACP should ACP ultimately establish coverage, unanimously affirmed, with costs.

There is no merit to ACP's argument that its claim for the remaining proceeds of the policy is superior to that of Reliance because its judgment against an insured under the policy was obtained before National Union set aside such proceeds in the event Reliance is successful in its coverage dispute with National Union, which is the subject of a pending declaratory judgment action. An insurer may settle with less than all of the claimants under a particular policy even if such settlement exhausts the policy proceeds (*see, Duprey v Security Mut. Cas. Co.*, 22 AD2d 544), especially where, as here, there is a bona fide issue as to whether the disfavored claim is covered under the policy. Further, since an insurer is not liable in excess of the policy limits for the breach of an insurance contract absent bad faith (*see, United States Fid. & Guar. Co. v Copfer*, 48 NY2d 871), of which there is no evidence here, ACP's claim must await a determination of the declaratory judgment action to see if any policy proceeds remain to satisfy its claim, in the event it establishes coverage. Reliance's cross motion seeking a declaration that ACP and Reliance are asserting claims that arose during separate policy periods, and therefore, under the policy, are subject to separate policy limits, was explicitly rejected by the IAS Court, and is not properly before this Court because Reliance filed no cross appeal from that portion of the order. Concur—Sullivan, J. P., Rosenberger, Rubin, Ross and Mazzarelli, JJ.