Memorandum. The order of the Appellate Division should be modified to the extent of reinstating Supreme Court’s denial of respondent insurer’s motion for summary judgment dismissing the third cause of action for alleged bad faith refusal to settle a claim of liability within policy limits. Appellant is deemed, on the papers before us, to have abandoned the second cause of action based on alleged negligent refusal to settle.
We agree with Mr. Justice Fred J. Munder at the Appellate Division that issues of fact are presented on this record which preclude summary judgment. The applicable standard is that set out in Gordon v. Nationwide Mut. Ins. Co. (30 N Y 2d 427). A declaratory judgment was outstanding in the present case that the policy in question did afford the insured coverage with respect to liability arising out of this particular accident. The insurer was advised by its counsel, however, that the declaratory judgment was incorrect and would be reversed on appeal — advice which later proved to be erroneous. Although the insurer here makes cogent argument to the contrary, we conclude that it cannot be said on this motion for summary judgment that an allegation of reliance on advice of counsel in such a circumstance as a matter of law negates a charge of bad faith refusal, even bad faith of the dimension demanded by Gordon.
We note that the offer of settlement of October 7, 1970 was silent both as to whether it was made with a reservation of rights against the carrier for the other defendant in the tort action and as to whether it included any proposal for settlement of the claims of the other plaintiff in the tort action.
Gordon laid down the prerequisites' for imposition on an insurer of a liability potentially greatly in excess of the policy limits on the basis of which its premiums had been calculated. *953 "Whether such prerequisites can be met in this case must await trial.
Similarly, because of the insufficiency of the record on these motions for summary judgment and thus the incompleteness of address to this issue, we conclude that the questions of whether and to what extent the insured here suffered damages by reason of the insurer’s alleged failure to discharge its policy obligations are matters to be developed on trial.
■ Chief Judge Bbeitel and Judges Jasen, Gabeielli, Jones, Wachtleb and Stevens concur; Judge Babin taking no part.
Order modified, with costs, in accordance with the memorandum herein and, as so modified, affirmed.