OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Although an insurance company in exclusive control of its insureds’ defense cannot be compelled to concede liability and settle a questionable claim before proof has been developed on all sides (e.g.,
 
 Knoblock v Royal Globe Ins. Co.,
 
 38 NY2d 471), the defendant in this case refused to settle a claim in excess of its policy limits after liability had already been determined solely on factual issues by a jury (see
 
 Di Tomasso v Brookhattan Utilities,
 
 40 AD2d 989, mot for lv to app den 32 NY2d 609). Under these circumstances, with liability having been established at trial, the excess carrier alone was placed at further risk due to the defendant’s intractable opposition to any settlement of the claim.
 

 Given a record which adequately supports these affirmed findings, amounting to a breach of the defendant’s implied
 
 *979
 
 obligation to manage its insureds’ defense in good faith (see, e.g.,
 
 Gordon v Nationwide Mut. Ins. Co.,
 
 30 NY2d 427, cert den 410 US 931; cf. Insurance Law, § 40-d, added by L 1970, ch 296, § 1), the imposition of liability for the excess judgment borne by the plaintiff was appropriate (see
 
 Kulak v Nationwide Mut. Ins. Co.,
 
 40 NY2d 140;
 
 Decker v Amalgamated Mut. Cas. Ins. Co.,
 
 35 NY2d 950).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.