48 N.Y.2d 871 (1979)
United States Fidelity and Guaranty Company, Respondent,
v.
William G. Copfer et al., Individually and as Parents and Natural Guardians of Thomas Copfer, et al., Defendants, and Thomas Copfer, Appellant.
Court of Appeals of the State of New York.
Argued October 19, 1979.
Decided November 29, 1979.
Richard J. Schroff for appellant.
John J. Sullivan, Jr., for respondent.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES and WACHTLER concur; Judge MEYER dissents and votes to reverse in a separate opinion in which Judge FUCHSBERG concurs.
*873 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs, for the reasons stated in its memorandum decision.
We agree that the insurer breached its contractual duty to defend and indemnify the insured and thus may be held liable for the expenses the insured incurred in providing for his own defense (International Paper Co. v Continental Cas. Co., 35 N.Y.2d 322). Additionally, the insurer may be required to reimburse the insured, up to the coverage limits in the insurance policy, for any judgment the insured is in turn required to pay as a result of the negligence action against him. The insured's claim for additional damages resulting from the insurer's alleged "bad faith" must be rejected, however, since there was no showing whatsoever that the insured lost an actual opportunity to settle the negligence claim against him within the coverage limits of his policy by reason of the insurer's purported "bad faith" (see St. Paul Fire & Mar. Ins. Co. v United States Fid. & Guar. Co., 43 N.Y.2d 977; Kulak v Nationwide Mut. Ins. Co., 40 N.Y.2d 140; cf. Decker v Amalgamated Mut. Cas. Ins. Co., 35 N.Y.2d 950). The insured's speculations that a satisfactory settlement might have ensued had the insurer sought out the injured party and attempted to negotiate on behalf of its insured are simply not sufficient to support a claim against the insurer for what are essentially excess liability damages (see Gordon v Nationwide Mut. Ins. Co., 30 N.Y.2d 427). Accordingly, we hold that the Appellate Division acted properly in granting summary judgment to the insurer on this claim.
MEYER, J. (dissenting).
Respectfully, I dissent. The carrier received from its insured a complaint which declared in negligence only. It was, therefore, obligated to defend, and since the trial of the action had to result either in a verdict for its insured or a finding that the insured had been guilty of negligence, it was clear from the face of the complaint that its *874 coverage disclaimer was one that "no reasonable carrier would * * * be expected to assert" (Sukup v State of New York, 19 N.Y.2d 519, 522). Since the carrier was advised by the insured's private attorney that the codefendant had settled with plaintiff in the negligence action for $15,000, the limit of insured's policy was $25,000, and the carrier after such advice was obligated to consider not only its own but its insured's interest, there clearly was an issue for the jury on the carrier's bad faith (Decker v Amalgamated Mut. Cas. Ins. Co., 35 N.Y.2d 950). That the insured's private attorney did not obtain and transmit to the carrier a fixed and formal offer from plaintiff in the negligence action is a matter for consideration by the jury on the issue of bad faith, but the information he gave the carrier was in any event sufficient to bring to its attention the strong possibility of settlement and thus trigger its obligation to reconsider its position.
Order affirmed, with costs, in a memorandum.