Meyer, J.
(dissenting). Respectfully, I dissent. The carrier received from its insured a complaint which declared in negligence only. It was, therefore, obligated to defend, and since the trial of the action had to result either in a verdict for its insured or a finding that the insured had been guilty of negligence, it was clear from the face of the complaint that its *874 coverage disclaimer was one that "no reasonable carrier would * * * be expected to assert” (Sukup v State of New York, 19 NY2d 519, 522). Since the carrier was advised by the insured’s private attorney that the codefendant had settled with plaintiff in the negligence action for $15,000, the limit of insured’s policy was $25,000, and the carrier after such advice was obligated to consider not only its own but its insured’s interest, there clearly was an issue for the jury on the carrier’s bad faith (Decker v Amalgamated Mut. Cas. Ins. Co., 35 NY2d 950). That the insured’s private attorney did not obtain and transmit to the carrier a fixed and formal offer from plaintiff in the negligence action is a matter for consideration by the jury on the issue of bad faith, but the information he gave the carrier was in any event sufficient to bring to its attention the strong possibility of settlement and thus trigger its obligation to reconsider its position.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Meyer dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs.
Order affirmed, with costs, in a memorandum.