■ MARTIN J. REIFENSTEIN, Appellant-Respondent, v ALLSTATE INSURANCE COMPANY, Respondent-Appellant. — Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: The primary issue on this appeal is whether Special Term erred in dismissing plaintiff's first cause of action against the Allstate Insurance Company for bad faith refusal to settle a liability claim within policy limits (see CPLR 3211, subd [a], par 7). Special Term ruled that Allstate's settlement conduct did not as a matter of law constitute bad faith. Plaintiff also contends that Special Term improperly dismissed his punitive damage claims against Allstate. On September 23, 1978 the passenger of an automobile operated by plaintiff was killed when the car left the highway, struck a utility pole and

overturned. Thereafter, in an action for wrongful death and conscious pain and suffering brought by the decedent's father as administrator of the estate, a judgment was entered against plaintiff for $48,611.60, an amount in excess of the $10,000 limit of plaintiff's automobile liability policy with Allstate. Plaintiff then commenced this action for compensatory and punitive damages against Allstate in which he alleges, *inter alia,* that on February 7, 1979 an Allstate agent refused a demand for a $10,000 settlement made by the decedent's father and offered instead $9,500, explaining to the father that Allstate does "not pay the full policy limits of $10,000" and that "if [he] got a lawyer, a lawyer would charge a fee and * * * [he] would eventually end up with even less than the amount Allstate was offering"; that shortly thereafter the agent offered to settle for $10,000 on the condition that the decedent's parents "furnish [Allstate] an affidavit setting forth the assistance rendered by the decedent in or about [the] home and the payments the decedent furnished for the parents' support", and told decedent's mother "that such affidavit was required by State Law"; and, that on July 17, 1979 Allstate, for the first time, offered without condition to settle for $10,000 and the offer was rejected by decedent's parents. In considering the legal sufficiency of these allegations, plaintiff must be given the benefit of every possible favorable inference (see *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634) and the complaint should not be dismissed if "upon examination of the four corners of the pleading * * * the factual allegations contained therein indicate the existence of a cause of action". (*Melito v Interboro-Mutual Ind. Ins. Co.,* 73 AD2d 819, 820; see, also, *Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Etterle v Excelsior Ins. Co. of N.Y.,* 74 AD2d 436, 440.) So viewed, we hold that Special Term erred in dismissing this cause of action. The allegations are sufficient to indicate the existence of a cause of action for bad-faith refusal to settle. Where it is alleged that an insured lost an actual opportunity to settle the negligence claim against him within the coverage limits of his policy by reason of the insurer's purported "bad faith," he states a cause of action against the insurer to recover the excess judgment (see *United States Fid. & Guar. Co. v Copfer,* 48 NY2d 871, 873; *Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 436-437, cert den 410 US 931). Bad faith " 'is generally proven by evidence largely circumstantial in nature' " (*Kulak v Nationwide Mut. Ins. Co.,* 47 AD2d 418, 420, revd on other grounds 40 NY2d 140) and involves many factors and considerations. Consequently, courts have been reluctant to dismiss complaints alleging bad faith at the pretrial stage (see *Decker v Amalgamated Mut. Cas. Ins. Co.,* 35 NY2d 950, 952-953; *Union Sta. Rest. v North Amer. Co. for Prop. & Cas. Ins.,* 59 AD2d 270, 276-277; *Town of Poland v Transamerica Ins. Co.,* 53 AD2d 140, 145-146). In this case the element of bad faith may be inferred from, *inter alia,* the certainty of liability arising out of the one-car accident and the obviousness that the damages would exceed $10,000; the initial refusal to settle for $10,000, an amount only $500 more than Allstate was willing to pay; the explanation given by Allstate to decedent's family for its refusal to settle; and, the delay in making the unconditional offer of $10,000. The fact that Allstate ultimately offered to settle for $10,000 without condition does not automatically relieve it of liability (see *Knobloch v Royal Globe Ins. Co.,* 38 NY2d 471). This is but a factor for the jury to consider on the question of bad faith (see 2 NY PJI 176 [Sept., 1982 Cum Supp]). We agree, however, that the punitive damage allegations were properly dismissed. Without the factual allegations that Allstate " 'in its dealings with the general public * * * had engaged in fraudulent scheme evincing such "a high degree of moral turpitude and * * * such wanton dishonesty as to imply a criminal indifference to civil obligations" ' ", plaintiff is not entitled to seek punitive damage (*Granato v Allstate*

*Ins. Co.,* 70 AD2d 948, 949, mot for lv to app den 48 NY2d 610; see, also, *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 318-319). "Allegations of breach of an insurance contract, even a breach committed willfully and without justification, are insufficient to authorize recovery of punitive damages." (*Catalogue Serv. of Westchester v Insurance Co. of North Amer.,* 74 AD2d 837, 838; see, also, *Kulak v Nationwide Mut. Ins. Co.,* 47 AD2d 418, 421, *supra.*) Other issues raised by both parties have been examined and found to be without merit. (Appeals from order of Supreme Court, Monroe County, Boehm, J. — dismiss complaint.) Present — Dillon, P. J., Callahan, Denman, Moule and Schnepp, JJ.