HARTFORD ACCIDENT AND INDEMNITY CO., Individually and as Subrogee of L.A.D. Associates, Inc., and Another, Appellant-Respondent, v MICHIGAN MUTUAL INSURANCE CO., Respondent-Appellant, et al., Defendant, and MONTFORT, HEALY, MCGUIRE and SALLEY et al., Respondents.

First Department, May 3, 1983

**APPEARANCES OF COUNSEL**

*Asher Marcus* of counsel (*Peter James Johnson* with him on the brief; *Leahey & Johnson, P. C.,* attorneys), for respondent-appellant.

*Steven B. Prystowsky* of counsel (*Lester Schwab Katz & Dwyer*, attorneys), for appellant-respondent.

*E. Richard Rimmels, Jr.*, of counsel (*Beasley & Andes*, attorneys), for respondents.

OPINION OF THE COURT

KASSAL, J.

The action, brought by the excess insurer, Hartford Accident and Indemnity Co. (Hartford), individually and as subrogee of L.A.D. Associates, Inc. (L.A.D.) and DeFoe Corporation (DeFoe), is premised, *inter alia,* upon (1) the alleged breach of fiduciary duty owed to plaintiff by Michigan Mutual Insurance Co. (Michigan Mutual), the primary insurer in the underlying action, and (2) the malpractice by Montfort, Healy, McGuire & Salley (Montfort, Healy), counsel for the prime carrier in that action.

The underlying negligence action, brought by Davor Gobin, sought recovery for personal injuries, sustained as a result of an explosion at a construction site at Manhattan State Hospital. That action was brought against a painting contractor, DeFoe, and a subsidiary, L.A.D., both insured by Michigan Mutual, with prime coverage of $1,000,000 and by Hartford, with excess coverage of $5,000,000. Gobin had been an employee of D.A.L. Construction Corporation (D.A.L.), another subsidiary of DeFoe. D.A.L., named as an additional insured on both the Michigan Mutual and Hartford policies, was not a party in the underlying action, although Hartford had demanded of Michigan Mutual and Montfort, Healy, that D.A.L., as the employer, be impleaded as a third-party defendant. When the negligence action was settled in the sum of $1,400,000, Hartford paid the amount of the settlement in excess of the prime coverage, but reserved its rights to proceed in the future as against both Michigan Mutual and Montfort, Healy.

Hartford had contended throughout that the primary insurer and its counsel had deliberately withheld instituting a third-party action against D.A.L., which allegedly was at least partially responsible for the accident, solely to avoid further liability which would have attached to Michigan Mutual since it was also the workers' compensation insurer for the employer. Had D.A.L. been impleaded,

Michigan Mutual, as compensation (employer's liability) carrier, would have assumed the defense of the third-party action and would have presumably been obligated to contribute toward any settlement. The complaint here charges bad faith and breach of fiduciary duty by Michigan Mutual, as primary insurer, and malpractice by Montfort, Healy, as their attorneys, in failing to give undivided loyalty to L.A.D. and DeFoe.

The only issues before us on this appeal are whether Hartford has a valid cause of action in its own right against Michigan Mutual and, if so, whether Special Term erred in concluding that, in the action against the prime carrier, Hartford could not proceed in its individual capacity and any relief which could be sought was solely as subrogee of its assureds, L.A.D. and DeFoe. Hartford has appealed from the dismissal of so much of the complaint by which it, in its individual capacity, has interposed claims for relief.

Among the defendants, only Michigan Mutual has cross-appealed from the denial of the motion for summary judgment dismissing the fourth, fifth, sixth and seventh causes of action. D.A.L., against whom the first cause of action is directed for contribution, has not moved to challenge the sufficiency of the pleading and thus, has not raised in issue whether the action is barred by reason of the fact that D.A.L., as the employer, was named as an additional insured in both the Hartford and Michigan Mutual policies. Further, on this record, it does not appear whether D.A.L. has appeared in the action or is in default.

We are fully cognizant of the well-settled principle which bars an insurer from proceeding in subrogation against its own insured (see *Chrysler Leasing Corp. v Public Administrator, N. Y. County,* 85 AD2d 410; *New York Bd. of Fire Underwriters v Trans Urban Constr. Co.,* 91 AD2d 115). What the dissent overlooks, however, is that the issue is not before us on this appeal since D.A.L. has made no motion with respect to the sufficiency of the pleading or otherwise nor has it appealed the determination of Special Term. Michigan Mutual challenges only those causes of action directed against it for breach of fiduciary duty. It may not properly assert, as a ground for dismissal of the action, that the action is not maintainable against another

party, D.A.L., albeit it affords separate insurance coverage to that party, which would attach if a claim for contribution were sustained.

Whether a right of subrogation exists is necessarily dependent upon the relationship between the parties. It cannot be said at this stage that merely by reason of the fact that D.A.L. is named as an additional insured on the Michigan Mutual and Hartford policies, in and of itself, precludes the insurer from a right of subrogation (compare *Tishman Co. v Carney & Del Guidice,* 34 NY2d 941, with *New York Bd. of Fire Underwriters v Trans Urban Constr. Co., supra*). Of some significance on the issue is the fact that the Hartford policy expressly excluded from coverage "any obligation for which the *insured* or any carrier as his insurer may be held liable under any workmen's compensation * * * law, or under any similar law." Thus, had D.A.L. been joined as a third party in the underlying action, it would not have been afforded insurance coverage by the Hartford policy.

In finding that Hartford was not "injured by the failure to implead D.A.L.", the dissent does not take cognizance of the fact that Michigan Mutual, as the primary carrier, was in full control of the defense in the underlying action and that, as claimed by Hartford, by failing to implead the employer, the excess insurer had to contribute more toward the settlement after the prime coverage had been exhausted. It is alleged that Michigan Mutual, by deliberately refusing to join the employer as a third-party defendant, breached a fiduciary obligation owed by the primary carrier to the excess insurer. The dissent, in its finding that the fact that Michigan Mutual afforded separate workers' compensation coverage was irrelevant, fails to take into account that if the employer had been impleaded as a third-party defendant, the compensation carrier (Michigan Mutual) would have assumed the defense of the third-party action and any consequential liability. Thus, such third-party claim could have eliminated or, at the minimum, reduced the excess carrier's contribution toward the settlement.

It is well established that, as between an insurer and its assured, a fiduciary relationship does exist, requiring ut-

most good faith by the carrier in its dealings with its insured. In defending a claim, an insurer is obligated to act with undivided loyalty; it may not place its own interests above those of its assured. Similarly, it has been recognized in this and other States, as well as in the Federal courts, that the primary carrier owes to the excess insurer the same fiduciary obligation which the primary insurer owes to its insured, namely, a duty to proceed in good faith and in the exercise of honest discretion, the violation of which exposes the primary carrier to liability beyond its policy limits (see *St. Paul Fire & Mar. Ins. Co. v United States Fid. & Guar. Co.,* 43 NY2d 977; *Home Ins. Co. v Royal Ind. Co.,* 68 Misc 2d 737, affd 39 AD2d 678; *Matter of Penn v Amalgamated Gen. Agencies,* 148 NJ Super 419; *Employers Cas. Co. v Hicks Rubber Co.,* 160 SW2d 96 [Tex]; *American Fid. & Cas. Co. v All Amer. Bus Lines,* 179 F2d 7; *American Fid. & Cas. Co. v All Amer. Bus Lines,* 190 F2d 234, cert den 342 US 851; *St. Paul-Mercury Ind. Co. v Martin,* 190 F2d 455; *Hawkeye-Security Ins. Co. v Indemnity Ins. Co. of North Amer.,* 260 F2d 361; *Peter v Travelers Ins. Co.,* 375 F Supp 1347).

Hartford's right to proceed against any third party alleged to be primarily responsible arises by operation of law, out of the underlying relationship between the insurer and its insured. Aside from any express policy provision creating a contractual right of subrogation, Hartford, upon payment of its share of the loss, became subrogated to the equitable rights and remedies of its assured to proceed against a party primarily responsible (*Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.,* 240 NY 37, 47; *New York Bd. of Fire Underwriters v Trans Urban Constr. Co., supra; National Sur. Co. v Trilby Realty Corp.,* 249 App Div 566). The doctrine is founded upon the realization that, under equitable principles, "an insurer who has been compelled by his contract to pay to or in behalf of the insured claims for damages ought to be reimbursed by the party whose fault has caused such damages and the principle of subrogation ought to be liberally applied for the protection of those who are its natural beneficiaries." (*Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.,* 240 NY, at p 47.)

As applied here, upon the payment by Hartford under its excess coverage, it became the equitable assignee or subro-

gee of whatever rights its assureds would have had to proceed as against D.A.L. or any other responsible party, in asserting a claim for contribution or indemnification. Whether Hartford is barred from so proceeding by reason of the fact that it is also D.A.L.'s excess insurer is not now before us. We are only concerned on this appeal with the nature of any remedy available to Hartford, as excess carrier, against Michigan Mutual, as its primary insurer.

■ The essence of Hartford's claim is that Michigan Mutual breached its fiduciary obligation to its assureds and to Hartford, as the excess insurer, in that by not proceeding against the employer as a third-party defendant, Michigan Mutual sought to avoid additional liability under its separate employer's liability coverage. Such action, placing its own interest above that of the excess carrier, amounts to a breach of fiduciary duty. Michigan Mutual, to whom the defense of the underlying action had been entrusted, owed a primary obligation to its assured and to the excess insurer to exercise good faith in handling the defense and to safeguard the rights and interest of the excess carrier. As primary insurer, it acts as a fiduciary and is held to an exacting standard of utmost good faith. Any such right of action arises as a result of the independent and direct duty to the excess insurer and is not dependent upon equitable principles of subrogation (see *Medical Malpractice Ins. Assn. v Medical Liab. Mut. Ins. Co.,* 86 AD2d 476, 479-480). On this basis, we find that Special Term erred in dismissing the complaint to the extent that Hartford sought to pursue as against Michigan Mutual its individual right to relief.

■ We also disagree with Special Term's treatment of the cross motion by Michigan Mutual for summary judgment (CPLR 3212) as one to dismiss, addressed to the face of the pleading (CPLR 3211). The fact that the law firm had not as yet appeared had no bearing upon the relief sought by the primary carrier. Clearly, there are triable issues which cannot be resolved solely upon the affidavits adduced, including, among others, whether there was in fact a breach of fiduciary obligation by the primary insurer, and its attorneys, and whether Hartford's payment

toward the settlement constituted a "voluntary payment" so as to preclude it from the relief sought herein.

On the surface, from the excerpts of the transcript of the settlement, it appears that the excess insurer reserved its right to proceed as against the prime carrier. The situation here is unlike that which confronted the Appellate Division, Second Department, in *Trojcak v Wrynn* (45 AD2d 770). The express reservation of rights on the record, a condition upon which payment by Hartford was made, signifies the intention by the excess carrier to pursue its claims against both the primary insurer and the attorneys with regard to the disposition of the underlying action. Thus, the transcript reflects the following:

"[Counsel for Hartford:] I am instructed and indicate on the record, so there will be no misunderstanding, that Hartford will pay an additional four hundred thousand dollars above the one million dollars offered by Michigan and that *in the event that Hartford has any rights either by way or [sic] declaratory judgment or rights in arbitration under a treaty compact* with Michigan Mutual *or has any other cause of action against the law firm of Montfort, Healey, McGuire and Salley* or the attorney who was personally in charge of the case, that Hartford will pay the four hundred thousand dollars, *but only under those conditions, if Hartford deems it advisable to pursue any legal or equitable remedies in the future.*

*"Now, with that understanding,* Hartford will commit itself and is paying the four hundred thousand dollars excess above the one million dollars in full settlement of this case.

"[Counsel from Montfort, Healey, representing Michigan Mutual as insurer for L.A.D. and DeFoe]: I must confess that I am a little bit at a loss to understand exactly what * * * [counsel for Hartford] is talking about. *But we will be prepared to meet him in another forum at another time.*" (Emphasis added.)

Under the circumstances, it hardly appears that the payment made by Hartford was advanced as a volunteer so as to preclude it from exercising any right to proceed against the primary insurer for the alleged breach of its

fiduciary duty. Indeed, under the circumstances of the settlement of the underlying action, had Hartford refused to contribute the amount which exceeded the primary coverage, it, in turn, may have thereby breached its own obligations to its insured under its excess insurance coverage.

At this stage of the litigation, where there has been no disclosure held, the parties should not be foreclosed, particularly where, as here, the pleadings raise serious issues involving ethical considerations, in terms of the fiduciary obligations of the parties. Whether there was a breach of fiduciary duty in failing to join the employer as a third-party defendant cannot be resolved at this time on the record. A further development of the facts is necessary to determine whether the decision not to proceed against the employer was made with legitimate considerations and in good faith, or for self-interest. While the dissent concludes at this stage that it was proper not to institute a third-party action that determination cannot be made on this record, particularly in light of the terms and conditions of the Hartford policy which, in defining the obligation of the insured to co-operate, include the following:

"The company shall have the right and shall be given the *opportunity to associate with the insured or its underlying insurers,* or both, *in the defense and control of any claim,* suit or proceeding which involves or appears reasonably likely to involve the company and in which event the *insured, such insurers and* the company *shall cooperate* in all things in defense of such claim, suit or proceeding.

"The *insured shall cooperate with the underlying insurers* as required by the terms of the underlying insurance and comply with all the terms and conditions thereof, *and shall enforce any right of contribution or indemnity against any person or organization who may be liable* to the *insured* because of *personal injury, property damage* or *advertising liability* with respect to which insurance is afforded under this policy or the underlying policies." (Emphasis added and in original.)

Accordingly, the order, Supreme Court, New York County (GROSSMAN, J.), entered August 16, 1982, which, *inter alia,* granted the motion and cross motion dismissing

the complaint to the extent that plaintiff sought relief in its individual capacity and denied the cross motion by Michigan Mutual for summary judgment dismissing the fourth, fifth, sixth and seventh causes of action, should be modified, on the law, with costs and disbursements to Hartford to the extent of denying the motion to dismiss and the cross motion for summary judgment, reinstating the complaint insofar as plaintiff asserts causes of action in its individual capacity against Michigan Mutual and Montfort, Healy, and otherwise affirmed.

SILVERMAN, J. (dissenting). I would modify the order appealed from to the extent of granting the motion of defendant Michigan Mutual for summary judgment dismissing the complaint *in toto* as to that defendant.

An underlying action was brought by an injured person and his wife (the Gobins) arising out of an explosion on a construction site. In that action, the Gobins sued L.A.D. Associates, Inc. and DeFoe Corporation (the original defendants). Mr. Gobin was an employee of D.A.L. Construction Corporation (D.A.L.) whom he did not sue. The three corporations were closely related. All three were insured by Michigan Mutual as the primary insurer up to $1,000,000 and by defendant Hartford as excess carrier. The Gobin action was ultimately settled. Michigan Mutual, the primary insurer, paid the full amount of its policy, $1,000,000. Hartford, the excess carrier, paid the balance of the settlement, $400,000. Hartford now sues to recover this $400,000 from Michigan Mutual, D.A.L. and Montfort, Healy, McGuire and Salley, the attorneys (designated by Michigan Mutual) who represented the original defendants in the underlying action.

Although various legal theories are attempted to be set forth in the complaint, they all rest on these premises: (a) that D.A.L. as Mr. Gobin's employer was liable to the original defendants for a *Dole v Dow Chem. Co.* (30 NY2d 143) contribution or indemnification; (b) that Michigan Mutual, or the attorneys, should have impleaded D.A.L. in the underlying action and asserted that claim to contribution, and that Hartford was wronged when Hartford's request to cause D.A.L. to be impleaded was not complied with; and (c) Hartford, both in its individual capacity and

as subrogee of the original defendants, was damaged by the failure to implead D.A.L.

It is true that if D.A.L. was negligent, then D.A.L. would be subject to a *Dole v Dow Chem. Co.* liability. But that does not help Hartford, the insurer.

Because of the insurance situation, neither Michigan Mutual nor Hartford had a right to assert or require the assertion of a claim for contribution or indemnification against D.A.L.; and Hartford was not injured by the failure to implead D.A.L.

D.A.L. and the two original defendants, three closely related corporations, were all three named as insureds both in Michigan Mutual's policy and Hartford's policy. Each insurer was under an obligation to protect all three of its insureds. As Hartford concedes in its brief, in general, "an insurer may not maintain a subrogation action against its own insured." This court has recently so held: "the rule is firmly established that an insurance company may not be subrogated to the claim of one insured against another insured". (*Chrysler Leasing Corp. v Public Administrator, N. Y. County,* 85 AD2d 410, 416; accord *New York Bd. of Fire Underwriters v Trans Urban Constr. Co.,* 91 AD2d 115; *Beck v Renahan,* 46 Misc 2d 252, affd 26 AD2d 990; see, also, *Gorham v Arons,* 282 App Div 147, affd 306 NY 782; 6A Appleman, Insurance Law and Practice [1972 rev vol], § 4055: "Subrogation cannot be obtained against another insured under the same policy".) The three affiliated companies, insureds under the same policy, had the right not to be subjected to a lawsuit instigated by their insurance company arising out of the very risk insured against.

Hartford suggests that this rule does not apply because the policy contained the usual "workmen's" compensation exclusion. The latter consideration was determined to be immaterial in the *Gorham* case (*supra*). Further, the only copy of that clause in the record, the one in the Hartford policy, provides:

"This policy does not apply:

"(a) to any obligation for which the *insured* or any carrier as his insurer may be held liable under any work-

men's compensation, unemployment compensation or disability benefits law, or under any similar law".

Any possible claim for contribution against D.A.L. would arise not under any workers' compensation law but would exist by reason of D.A.L.'s negligence, if any, under the rule of *Dole v Dow Chem. Co. (supra)* and quite independently of any workers' compensation laws. All that the Workers' Compensation Law does in this case is to serve as a defense to any direct action by the injured party against his employer. It does not give rise, and is indeed irrelevant, to any obligation of the employer for contribution to other tort-feasors based on the employer's own negligence.

Nor was Hartford injured by the failure to implead D.A.L. in the underlying action. If D.A.L. had a liability for contribution, that liability may be asserted even in a separate action after judgment in the underlying action. (CPLR 1401, 1403.) Indeed, Hartford is asserting precisely such a claim against D.A.L. in the first cause of action in its present complaint.

But as I have indicated, Hartford's (and similarly Michigan Mutual's) obligations as insurer of D.A.L. and its two affiliated corporations under the same policy preclude it from claiming contribution from one of the insureds under that policy; and by the same token, it was not wrongful for Michigan Mutual not to implead that insured.

In the view I take of this case, it becomes unnecessary to consider whether Hartford's payment in settlement of the Gobins' claims was a "voluntary payment", for which indemnification or contribution may not be available. (Cf. *Trojcak v Wrynn,* 45 AD2d 770.)

KUPFERMAN, J. P., ASCH and BLOOM, JJ., concur with KASSAL, J.; SILVERMAN, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on August 16, 1982, modified, on the law, to the extent of denying the motion to dismiss and the cross motion for summary judgment, reinstating the complaint insofar as plaintiff asserts causes of action in its individual capacity against Michigan Mutual and Montfort, Healy, and otherwise affirmed. Plaintiff-appellant-respondent shall recover

of Michigan Mutual Insurance Co. and Montfort, Healy, McGuire and Salley one bill of $75 costs and disbursements of this appeal.