■ STATE OF NEW YORK, Respondent, v MERCHANTS INSURANCE COMPANY OF NEW HAMPSHIRE, Formerly NEW HAMPSHIRE MERCHANTS INSURANCE COMPANY, INC., Appellant. — Harvey, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered December 27, 1983 in Albany County, upon a verdict rendered at Trial Term (Williams, J.).

On the afternoon of March 14, 1975, a State-owned dump truck equipped with a snowplow attachment collided with a pickup truck in the Town of Deerpark in Orange County. The operator of the pickup truck died as a result of injuries sustained in the accident and a claim for wrongful death was commenced against the State in the Court of Claims. The estate of the operator was awarded $179,069 in the Court of Claims action.

Defendant in the instant action was the liability insurer for motor vehicles owned and operated by the State. The policy limit was $100,000. After the accident, there were communications between representatives of the estate and defendant. However, no settlement was achieved. After the decision in the Court of Claims, the State negotiated a reduction in the award to $150,000 and then commenced this action to recover the extra $50,000 from defendant, alleging bad faith in the settlement

negotiations. The jury found in favor of the State and this appeal by defendant ensued.

Defendant contends that plaintiff failed to establish a prima facie case for imposing excess liability on the basis of bad faith in its settlement negotiations and that the verdict in the State's favor was not supported by a fair preponderance of the evidence. We reject defendant's contention since our review of the record reveals that there was sufficient evidence presented to enable the jury to reasonably reach a decision in favor of the State.

Insurance Law § 2601 (a) (4) notes, *inter alia,* that it is an unfair practice for insurers "not [to attempt] in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear". A complaint adequately sets forth a prima facie case against an insurer for liability in excess of policy limits where it is asserted that "an insured lost an actual opportunity to settle the negligence claim against him within the coverage limits of his policy by reason of the insurer's purported 'bad faith'" (*Reifenstein v Allstate Ins Co.,* 92 AD2d 715, 716).

A reasonable investigation of the facts of the accident would indicate that the chances of successfully defending the Court of Claims action were very remote. The State vehicle crossed over the center line and collided with decedent in her own lane of traffic. Consequently, a fair and reasonable offer should have been made. There was a strong indication that the case could have been settled for $90,000. This was contained in a letter from the estate's attorney three months after the accident. Defendant offered $45,000. We consider that offer unrealistic. Decedent was survived by her husband and two children. At the time of her death, she was in her mid-30s and was employed outside the home. It was readily foreseeable that a verdict would reach or exceed the policy limits. Yet, defendant never made a higher offer. Neither did defendant respond to a later signal that the case might settle for $75,000.

The record before us supports the view that defendant was well aware that its proposed $45,000 settlement figure was substantially lower than the liability it could reasonably expect to incur. The jury could reasonably have reached the conclusion that defendant exercised bad faith in failing to protect the interest of its insured by coming forth with a reasonable and fair settlement offer, as it was contractually and statutorily required to do (*Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140; *Knobloch v Royal Globe Ins. Co.,* 38 NY2d 471, 479-480).

Defendant's principal argument is that it never had an opportunity to settle within the policy limits. However, it is most

apparent that no realistic offer was made in response to the demand of $90,000, nor was the possibility of settlement for $75,000 explored. If, in fact, defendant never had an opportunity to settle, that lack of opportunity was the direct result of defendant's own conduct. Defendant never indicated that it would make a fair and reasonable offer and, by failing to do so, defendant suppressed negotiations.

Finally, we reject defendant's contention that the State failed to meet its burden of proof because it did not present an expert witness to testify as to the accepted standard in the insurance industry for settlement practices and procedures by a liability insurer. The issues before the jury were within the ambit of the common knowledge and experience of laymen, and it was thus unnecessary for an expert to give his opinion on a matter upon which the jury was qualified to draw its own conclusions (*Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 147-148, *supra*).

Judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.