■ JACQUELINE B. VECCHIO, Respondent, v MITCHELL CADILLAC, INC., et al., Appellants.—In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Levitt, J.), dated September 4, 1985, denying their motion for a protective order striking items Nos. 1 and 3 through 26 of the plaintiff's interrogatories, and (2) an order of the same court, dated September 11, 1985, which denied their motion for a protective order striking items Nos. 2 through 15 of the plaintiff's notice for discovery and inspection.

Order dated September 4, 1985, modified, by deleting therefrom the provision denying the defendant's motion insofar as it was for a protective order striking items Nos. 1, 3 through 23 and 25, of the plaintiff's written interrogatories, and substituting therefor a provision granting the defendants' motion insofar as it was for a protective order striking those items. As so modified, order dated September 4, 1985, affirmed, without costs or disbursements.

Order dated September 11, 1985, modified, by deleting therefrom the provision denying the defendants' motion insofar as it was for a protective order striking items Nos. 2 through 8 and 10 through 15 of the plaintiffs' notice for discovery and inspection substituting therefor a provision granting the defendant's motion insofar as it was for a protective order striking those items. As so modified, order dated September 11, 1985, affirmed, without costs or disbursements.

The defendants' time to comply with the interrogatories and notice for discovery and inspection, as so limited, is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry.

The items sought in the plaintiff's notice for discovery and inspection as well as her written interrogatories were, in many instances, not material and relevant to the issues framed in the pleadings (see, Allen v Crowell-Collier Pub. Co., 21 NY2d 403; Reifenstein v Allstate Ins. Co., 92 AD2d 715; Moran v International Playtex, 103 AD2d 375). The orders appealed from have been modified accordingly. Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.