OPINION OF THE COURT
Gilbert Rabin, J.
Plaintiffs bring this action for breach of contract and seek reimbursement of actual expenses incurred plus punitive damages in the sum of $1,500. Prior to a nonjury trial on October 20, 1986, the court denied defendant’s request for an adjournment in view of the fact that the defendant, despite communication with the plaintiffs’ attorney, neither requested nor advised the plaintiffs’ counsel that the defendant would request an adjournment.
The court finds that the plaintiffs purchased two round-trip bus tickets from Yonkers to Atlantic City on July 15, 1986. The sum of $70 was tendered to the defendant or their agent on this date. The plaintiffs arrived in Atlantic City on July 15, 1986 without incident and were to return to Yonkers on July 16, 1986. The bus, which was to return them to Yonkers, was *1016 scheduled to depart from Atlantic City at 6:00 p.m. from the Sands Hotel in Atlantic City. Plaintiffs appeared at the bus company dispatcher at the Sands Hotel at both 3:00 p.m. and 5:00 p.m. to reconfirm their seating for the return trip. In both instances plaintiffs were assured of their seating. When the plaintiffs arrived at the Sands bus terminal for the return trip home at approximately 5:55 p.m. on July 16, 1986, they were informed by the dispatcher that seating was unavailable and that their return trip tickets would not be honored. Unsuccessful attempts were then made by plaintiffs to secure transport on another of the defendant’s busses at another location in Atlantic City. Plaintiffs then secured alternative modes of transportation to Yonkers. This consisted of a cab ride to the local Greyhound bus terminal ($40 paid receipt), one way transport to New York City via Greyhound Bus Lines ($26.30 fare), and a yellow medallion taxicab ride from New York City to Yonkers ($45 fare). This resulted in the plaintiff’s out-of-pocket expenses being a total of $75.30 for the trip to Yonkers together with two unused Connecticut American Bus Lines tickets of $35, for a total sum of $110.30.
As a result of the defendant’s breach of contract, this court finds that the plaintiffs arrived at their home some 2ti hours later than intended. Additionally, this court finds that, aside from the inconveniences suffered by plaintiffs in securing alternative passage home, the fear and apprehension occasioned by defendant’s wanton refusal of passage according to the terms of its contract with the plaintiffs (during their trip by public transportation to Yonkers), was such that the plaintiffs should be recompensed in some manner beyond actual out-of-pocket expenses.
The service provided by the defendant to its patrons serves both as a means of transportation and, secondarily, it affords its patrons a means of passage that protects and insulates them from the vagaries of other modes of public transportation. The action by the defendant in denying transport to this couple and the failure by the defendant in not attempting to secure some safe alternative means of transportation is not to be countenanced, and shows a reckless and willful disregard towards the plaintiffs in derogation of their contract for safe passage.
This court is mindful of the general rule that damages in breach of contract actions are limited to the pecuniary loss sustained (Reifenstein v Allstate Ins. Co., 92 AD2d 715; Williamson, Picket, Gross v Hirschfeld, 92 AD2d 289), however, *1017 the facts of this case warrant a finding of punitive damages in the sum of $220.60 as this conduct of the defendant made no effort to assist the plaintiffs and completely disregarded plaintiffs’ predicament which was caused directly by the conduct of the defendant.
Plaintiffs are awarded $110.30 pecuniary damages, plus $220.60 punitive damages for a total of $330.90 together with disbursements of $4.89 for a total of $335.79.