■ ILDE A. SOTO, Individually and as Administratrix of the
Estate of NELSON RIVERA, Deceased, et al., Appellants, v STATE
FARM INSURANCE COMPANY, Respondent. [600 NYS2d 407] —Judg-
ment unanimously affirmed without costs. Memorandum: Su-
preme Court properly granted defendant's motion for sum-
mary judgment dismissing the complaint in this action alleg-
ing defendant's bad faith in refusing to settle the underlying
tort action within the policy limits. It is undisputed that
plaintiffs have been paid the full amount of the compensatory
damages awarded to them in the underlying tort action. They
are not entitled, as assignees of the insured and the operator
of the insured's motor vehicle, to recover from defendant the
unpaid punitive damages award assessed against the operator
in the underlying tort action because " '[t]he record is devoid
of any evidence that the insurer acted with malice or intent to
harm the insured' " (*DiBlasi v Aetna Life & Cas. Ins. Co.*, 147
AD2d 93, 100, quoting *Kulak v Nationwide Mut. Ins. Co.*, 47
AD2d 418, 421, *revd on other grounds* 40 NY2d 140; *see also,
Reifenstein v Allstate Ins. Co.*, 92 AD2d 715, 716-717; *Cata-
logue Serv. v Insurance Co.*, 74 AD2d 837, 838).

Furthermore, plaintiffs are not entitled to recover the unpaid punitive damages award because punitive damages are not insurable, and therefore could not have been within the contemplation of the parties at the time the contract for automobile liability insurance was made *(see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 400; *see also, Kenford Co. v County of Erie,* 73 NY2d 312, 319-322).

In view of our determination, we do not address the remaining contention advanced by defendant. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Dismiss Complaint.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.