**ALLSTATE INSURANCE COMPANY,**
**Plaintiff,**

v.

**AMERICAN TRANSIT INSURANCE COMPANY, Bisceglia & Oppenheim, P.C., and Central Queens Ice and Ice Cube Co., Defendants.**

**FEDERAL INSURANCE COMPANY,**
**Cross-claim Plaintiff,**

v.

**AMERICAN TRANSIT INSURANCE COMPANY, Bisceglia & Oppenheim, P.C., Cross-claim Defendants.**

**No. 95 CV 4152 (NG)(JMA).**

United States District Court,
E.D. New York.

Sept. 19, 1997.

Michael H. Barr, Sonnenschein Nath & Rosenthal, New York City, for plaintiff.

Timothy J. Keane, Quirk & Bakalor, P.C., New York City, Robert J. Dinnerstein, for cross–claim plaintiff.

Howard R. Reiss, Shatzkin & Reiss, New York City, for defendants and cross–claim defendants.

## *ORDER*

GERSHON, District Judge.

This action arises out of the settlement of two personal injury suits in New York State Supreme Court. Plaintiff Allstate Insurance Company ("Allstate") is the excess insurer for one of the three state suit defendants. It alleges that (1) Federal Insurance Company ("Federal"), the excess insurer for the other two state suit defendants, and Central Queens Ice Co. and Ice Cube Co. ("Central"), one of those two defendants, breached their contractual obligation to indemnify plaintiff; (2) American Transit Insurance Company ("American Transit"), the primary insurer for all three state suit defendants, breached the fiduciary duties it owed to plaintiff, and (3) Bisceglia & Oppenheim, P.C. ("Bisceglia & Oppenheim") committed malpractice in defense of the state suits. Federal filed cross-claims against defendants American Transit and Bisceglia & Oppenheim similar to the claims brought by Allstate. By stipulation, Allstate has withdrawn its claims against Federal without prejudice to reinstating

them on or before December 31, 1998 but with prejudice to reinstating them after that date. Central has failed to appear.

Defendants American Transit and Bisceglia & Oppenheim move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Allstate's claim and Federal's cross-claims.

## Background

In the underlying New York personal injury actions, two individuals, Tomas Goris and Edwin Bookman, sought damages resulting from an accident that occurred on the Brooklyn–Queens Expressway. Goris and Bookman were changing a tire on their disabled vehicle in the right lane, when a truck operated by Roodnath Ramroop, an employee of Central, approached in the same lane. Ramroop allegedly swerved his truck into the middle lane to avoid the pedestrians; he struck a second truck, swerved back and struck Goris and Bookman, causing severe injuries to both individuals. The truck driven by Ramroop was leased to Central by Mendon Leasing, Inc. ("Mendon"). Goris and Bookman commenced two separate actions against Ramroop, Central and Mendon.

At the time of the accident, the three defendants in the state court actions were insured by four different companies. American Transit was the primary insurance carrier for Mendon, Central and Ramroop and provided one million dollars in coverage. Northbrook Insurance Company, a non-party to this action, was also an insurer for Central and provided one million dollars in coverage. Federal, the excess insurer for Central and Ramroop, provided one million dollars in excess coverage; and Allstate, the excess insurer for Mendon, provided five million dollars in excess coverage.

American Transit did not dispute coverage over the accident involving Goris and Bookman and agreed to defend Mendon, Central and Ramroop. American Transit hired the law firm Bisceglia & Oppenheim to represent all three defendants. Biscelgia & Opppenheim sent a notification letter to Mendon, Central and Ramroop, which stated:

We are the attorneys appointed by your insurance company, AMERICAN TRAN-SIT INSURANCE COMPANY, to defend you in the above matter without costs or expenses to you as long as you fully cooperate with us. If you wish us to appear on your behalf, kindly sign the within authorization and return same.

Allstate alleges that this notification failed to advise the defendants of potential conflicts of interest. Allstate further alleges that American Transit, as primary insurer, and Bisceglia & Oppenheim failed to provide them with proper notice of the state court action. Before the case went to trial, the parties agreed to a settlement; each of the four insurance companies contributed one million dollars, providing a settlement of two million dollars to Goris and two million dollars to Bookman.

Allstate and Federal each seek to recover the one million dollars that it paid as an excess insurer to settle the two personal injury cases. Both allege that American Transit, the primary insurance carrier, breached the fiduciary duties it owed to its excess insurers and that Bisceglia & Oppenheim, as defense counsel for the insureds, committed malpractice.

## Discussion

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). For purposes of a motion to dismiss, the allegations of the complaint must be taken as true. *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972).

A federal court sitting in diversity must follow the law determined by the highest court of the state whose law is applicable to the resolution of the dispute. *Plummer v. Lederle Laboratories,* 819 F.2d 349, 355 (2d Cir.), *cert. denied,* 484 U.S. 898, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987). When the highest state court has not ruled directly on the issued presented, a federal court must make an estimate of what the state's highest court would rule to be its law. *Francis v. INA Life Ins. Co. of New York,* 809 F.2d 183, 185

(2d Cir.1987); *Hausman v. Buckley,* 299 F.2d 696, 704 (2d Cir.) ("[T]he proper function of this Court is to ascertain what New York law is, and not to speculate about what it will be, or in Learned Hand's felicitous phrase, 'to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant.' It is certainly not our function to apply the rule we think better or wiser.") (citation omitted), *cert. denied,* 369 U.S. 885, 82 S.Ct. 1157, 8 L.Ed.2d 286 (1962). "[A] federal court may discern the forum state's law by examining relevant decisions from a forum state's inferior courts, decisions from sister states, federal decisions and the general weight and trend of authority." *Continental Casualty Company v. Pullman, Comley, Bradley & Reeves,* 709 F.Supp. 44, 46 (D.Conn.1989), *aff'd,* 929 F.2d 103 (2d Cir. 1991).

■ The New York State Court of Appeals has recognized that a primary insurer owes fiduciary duties to an excess insurer. *See Hartford Accident and Indem. Co. v. Michigan Mut. Ins. Co.,* 61 N.Y.2d 569, 574, 475 N.Y.S.2d 267, 463 N.E.2d 608 (1984), *affirming,* 93 A.D.2d 337, 462 N.Y.S.2d 175 (1st Dep't 1983); *St. Paul Fire and Marine Ins. Co. v. United States Fidelity and Guaranty Co.,* 43 N.Y.2d 977, 404 N.Y.S.2d 552, 375 N.E.2d 733 (1978). As articulated by the Appellate Division in *Hartford Accid. and Indem. Co.,* those duties are derived from "the same fiduciary obligation which the primary insurer owes to its insured, namely, a duty to proceed in good faith and in the honest exercise of discretion, the violation of which exposes the primary carrier to liability beyond its policy limits." 93 A.D.2d 337, 341, 462 N.Y.S.2d 175. The primary insurer, entrusted with the defense of the claim, owes "a primary obligation to its [insured] and to the excess insurer to exercise good faith in handling the defense and to safeguard the rights and interests of the excess carrier." *Id.* at 342, 462 N.Y.S.2d 175. That the underlying personal injury action was settled by the parties does not bar a subsequent action against the primary insurer for fiduciary breach. *See Hartford Accident and Indem. Co.,* 61 N.Y.2d at 572–73, 475 N.Y.S.2d 267, 463 N.E.2d 608.

■ Defendants try to avoid these well-established principles of New York law by mischaracterizing the claims brought here as ones seeking contribution, which are barred under New York General Obligations Law § 15–108(c), *see, e.g., Merchants Bank of N.Y. v. Credit Suisse Bank,* 585 F.Supp. 304, 309–10 (S.D.N.Y.1984). This effort is rejected. Given Allstate's and Federal's allegations that American Transit breached its fiduciary duties, both parties have stated a claim against American Transit.

■ Allstate and Federal also claim that defendant Bisceglia & Oppenheim engaged in malpractice. They allege that, despite inherent conflicts of interest, Bisceglia & Oppenheim jointly represented all three defendants in the New York personal injury actions. In addition, they allege that the law firm (1) failed to assert cross-claims against other defendants; (2) failed to assert claims of contributory negligence; (3) failed to develop evidence concerning Goris's and Bookman's physical condition; and (4) failed to appeal the summary judgment imposing 100% liability with respect to all three defendants.

The New York Court of Appeals has not addressed whether an excess insurer may seek relief against an insured's attorney for malpractice. However, the Appellate Division, First Department, recognized such a claim in *Hartford Accident and Indem. Co.,* supra,[1] and *Great Atlantic Insurance Company v. Weinstein,* 125 A.D.2d 214, 214–15, 509 N.Y.S.2d 325 (1st Dept.1986). In *Great Atlantic,* the Appellate Division permitted an action by an excess insurer alleging that counsel for the insured committed malpractice by representing two defendants with adverse interests.

---

1. In *Hartford Accident and Indem. Co.,* the Appellate Division held that an excess insurer had stated a claim against both the primary insurer and the law firm that represented the insurer, where the primary insurer and counsel failed to implead a third party. The only issue on appeal in the Court of Appeals was the claim against the primary insurer. *See Hartford Accident and Indem. Co.,* 61 N.Y.2d at 573, 475 N.Y.S.2d 267, 463 N.E.2d 608.

While federal courts are not bound by lower state court decisions, see *Competex, S.A. v. LaBow,* 783 F.2d 333, 341 n. 16 (2d Cir.1986), such decisions "have great weight in informing the court's prediction on how the highest court of the state would resolve the question." *In re Eastern and Southern Districts Asbestos Litigation,* 772 F.Supp. 1380, 1389 (E. & S.D.N.Y.1991). "Absent strong evidence that the New York Court of Appeals would decide the issue differently, rulings of the intermediate state appellate courts are particularly persuasive evidence of state law." *Id.* (citing *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1485 (6th Cir. 1989); *Maseda v. Honda Motor Co.,* 861 F.2d 1248, 1256 n. 14 (11th Cir.1988); *Weiss v. United States,* 787 F.2d 518, 525 (10th Cir. 1986)).

Moreover, as the Court of Appeals for the Second Circuit has noted, New York is one of the "few jurisdictions [that] have permitted a direct action by an excess insurer against a primary carrier, rather than limiting it to only those rights available to a subrogee of the insured." *Continental Casualty Company. v. Pullman, Comley, Bradley & Reeves,* 929 F.2d 103, 107 (2d Cir.1991)(citing *Hartford Accident and Indem. Co.).* By establishing direct fiduciary duties between excess insurers and primary insurers, New York has evidenced the strength of its concern that the parties responsible for defense of an underlying claim be held accountable to excess insurers for wrongdoing. This lends further support to the likelihood that the New York Court of Appeals would recognize the malpractice claim at issue here.

I note that the Court of Appeals for the Second Circuit, interpreting Connecticut law in *Continental Casualty Company, supra,* refused to recognize a claim by an excess insurer against the insured's counsel. In so doing, the Court rejected the conclusions of the Appellate Division, First Department, saying "our concern is not with the progress of New York law, but the state of the law in Connecticut." *Id.* at 107. The Court of Appeals relied instead on an intermediate appellate decision in Michigan which had refused to recognize a cause of action by an excess insurer against the insured's counsel; in that case, *American Employers' Ins. Co. v. Medical Protective Co.,* 165 Mich.App. 657, 660,

419 N.W.2d 447, *appeal denied,* 431 Mich. 856 (1988), the court had reasoned that "[s]uch a holding would contradict the personal nature of the attorney client relationship, which permits a legal malpractice action to accrue only to the attorney's client." *Id.* The Michigan Supreme Court, in a later case, *Atlanta Int'l Ins. Co. v. Bell,* 438 Mich. 512, 475 N.W.2d 294 (1991), rejected this reasoning and concluded that an insurer may bring an action against an insured's attorney under the doctrine of equitable subrogation. It found that

to completely absolve a negligent defense counsel from malpractice liability would not rationally advance the attorney-client relationship. Moreover, defense counsel's immunity from suit by the insurer would place the loss for the attorney's misconduct on the insurer. The only winner produced by an analysis precluding liability would be the malpracticing attorney. Equity cries out for application [of equitable subrogation] under such circumstances.

*Id.* 475 N.W.2d at 299. The few other jurisdictions to have considered the question are divided on whether to permit an action by an excess insurer against an insured's defense counsel. *Compare. e.g., American Centennial Ins. Co. v. Canal Ins. Co.,* 843 S.W.2d 480, 484 (Tex.1992) *with St. Paul Ins. of Bellaire v. AFIA Worldwide Ins.,* 937 F.2d 274, 276, 279 (5th Cir.1991).

Given the Appellate Division's recognition of an excess insurer's claim for malpractice against an insured's attorney and the general trend of New York law, I am persuaded that the New York Court of Appeals would agree with the reasoning of the Michigan Supreme Court, set forth above, and recognize a cause of action by an excess insurer against an insured's counsel founded upon the principles of equitable subrogation.

### Conclusion

Defendants' motions to dismiss Allstate's complaint and Federal's cross-claim for failure to state a claim pursuant to Rule 12(b)(6) are denied.

**SO ORDERED.**