■ GIOVANNI CALO, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [672 NYS2d 804] —In an action to recover damages for the bad-faith refusal to settle an underlying personal injury action, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (O'Brien, J.), dated January 16, 1997, which granted the defendant's motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the plaintiff, and (2) a judgment of the same court entered March 26, 1997, which is in favor of the defendant and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Under the circumstances of this case, it was irrational for the jury to find the defendant State Farm Mutual Insurance Company liable for bad-faith refusal to settle an underlying personal injury action (*see, Pavia v State Farm Mut. Auto. Ins. Co.,* 82 NY2d 445; *Cohen v Hallmark Cards,* 45 NY2d 493, 499; *St. Paul Fire & Mar. Ins. Co. v United States Fid. & Guar. Co.,* 43 NY2d 977; *Knobloch v Royal Globe Ins. Co.,* 38 NY2d 471; *Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, *cert denied* 410 US 931; *DiBlasi v Aetna Life & Cas. Ins. Co.,* 147 AD2d 93; 3 Dunham, New York Insurance Law § 38.02 [2] [d]). Accordingly, the verdict was properly set aside and the complaint dismissed (*see,* CPLR 4404 [a]; *Cohen v Hallmark Cards, supra*). O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.